IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD R. SMITH,

    Petitioner,                    No. CIV S-07-0244 MCE GGH P

    vs.

S. HUBBARD, Warden,

    Respondent.                 ORDER

/

        Petitioner, a state prisoner proceeding pro se, has filed an application using the form for a habeas petition, pursuant to 28 U.S.C. § 2254, but he seeks relief pursuant to 42 U.S.C. § 1983, even stating that he is challenging a condition of confinement. In addition, petitioner has failed to file an in forma pauperis affidavit or to pay the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Petitioner claims to have been waiting for well over a year for surgery and to have trouble sleeping. Petition, p. 4.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the

1

> province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475,
> 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief
> turning on circumstances of confinement may be presented in a
> 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Petitioner's petition will be dismissed and petitioner, as plaintiff, will be granted leave to file, within thirty days, an action pursuant to 42 U.S.C. § 1983.  Petitioner, as plaintiff, must file a complaint that complies with the requirements of Fed. R. Civ. P 8.  On the form, petitioner may be framing a colorable Eighth Amendment claim, however, he does not name any defendants, other than "respondent" Warden Hubbard in the caption, does not link any conduct of Hubbard's to a constitutional deprivation he might allege, nor does he state the relief he seeks. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)

Should petitioner, as plaintiff, seek to frame a claim of inadequate medical care in violation of the Eighth Amendment, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981. The petition will be dismissed, but plaintiff will be granted leave to file a complaint pursuant to 42 U.S.C. § 1983.

Should petitioner seek to proceed as plaintiff in a civil rights action, he must file a complaint on the form to be provided by the court, within thirty days, and in addition, must make the showing required by 28 U.S.C. § 1915(a) or pay the filing fee. The filing fee for a civil rights action ($350.00) substantially exceeds the $5.00 filing fee for a habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition is dismissed with leave granted for petitioner, as plaintiff, to proceed pursuant to 42 U.S.C. § 1983, by filing a complaint on the form to be provided by the court, within thirty days;

2. Petitioner, as plaintiff, must also submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;

3. Plaintiff's failure to comply with any part of this order will result in a recommendation of dismissal of this action;

4. The Clerk of the Court is directed to send plaintiff a form for filing a civil rights action by a prisoner in this district as well as an application to proceed in forma pauperis by a prisoner; and

5. The Clerk of the Court is directed to re-designate this case as one brought pursuant to 42 U.S.C. § 1983.

DATED:   4/6/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
smit0244.ord